UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THOMAS A. ROMAN,        )
                                        )
           Petitioner,           )
                                        )
       vs.                     )         Case No. 4:11CV584 CDP
                                        )
UNITED STATES OF AMERICA,    )
                                        )
           Respondent.       )

## MEMORANDUM AND ORDER

Movant Thomas Roman seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After Roman pleaded guilty to one count of interstate transportation of stolen property, I sentenced him to eleven months imprisonment and three years of supervised release, and ordered him to pay restitution. Case No. 4:08CR693CDP. Roman now alleges that he received ineffective assistance of counsel because counsel failed to seek a sentence below the guidelines range. In his "rebuttal" brief he argues that he is innocent of the charges. Because his claims are conclusive refuted by the record – including by his own sworn testimony at his guilty plea hearing – I will deny the motion.

### I.      Background

This criminal case arose out of Roman's dealings with Sunnen Products in St. Louis. Roman ordered two machines from Sunnen valued at approximately $69,000. At Roman's instruction, the machinery was shipped to a location in

Miami, FL.  Several months later, Roman shipped the machinery to Venezuela for use in a business he had planned to open with an associate.  Sunnen was unaware of the shipment to Venezuela.  Roman made some payments on the machinery, but paid nothing after he shipped the machinery to Venezuela.  Roman moved to Venezuela and had no further contact with Sunnen Products.  Obviously, once the equipment and Roman were out of the country, Sunnen had no ability to repossess the equipment or otherwise institute collection activities against Roman for his non-payment.

A two-count indictment was returned against Roman, with one count referring to each of the two pieces of machinery.  In February 2010 Roman was arrested at the Miami airport as he was returning to the United States for a visit.  Assistant Public Defender Brian Witherspoon was appointed to represent him.  Witherspoon and the Assistant United States attorney negotiated a plea agreement whereby the government conceded that Roman acted with intent to defraud only with respect to the second shipment of machinery.  The government agreed to dismiss the first count of its two-count indictment, and agreed that the amount of loss for guidelines purposes was more than $10,000 but less than $30,000.  Roman, however, agreed to pay restitution for the entire amount owed to Sunnen, which was over $60,000.  The sentencing range resulting from these agreements was six to twelve months imprisonment.  Had he also been held responsible for the amount

of loss from the first piece of equipment his guidelines range would have been ten to sixteen months.  The plea agreement also stated that Roman expected to seek a below-guidelines sentence and the government expected to seek a guidelines sentence.

The guilty plea agreement contained a lengthy statement of the facts of the case.  At the plea Roman, who was under oath, swore that he had read the plea agreement and discussed it with his counsel, and he twice stated that everything in factual section was true.  That included the statement:

> The parties agree that the defendant acted with intent to defraud only in the second transaction . . . The defendant knew that the equipment in the second transaction was stolen and taken by fraud when he caused it to be transmitted from Missouri to Florida and on to Venezuela.

(Plea Agreement at p. 10).  In discussing the plea with Roman, I asked:

> And it says you knew all along that your intention was to send this down to Venezuela, but the Sunnen people didn't know that this equipment was destined for a foreign country.  Correct?

He answered "Yes."  (Plea transcript at p. 18).  Later the following colloquy occurred:

> COURT: . . . but the second piece you knew that it had been obtained by fraud when you caused it to be shipped first from Missouri to Florida and then from Florida to Venezuela.  Do you understand that?
>
> ROMAN:  Yes.
>
> COURT:  That true?

ROMAN:  Yes.

(Plea transcript at p. 19).  At the end of the hearing I asked Roman whether, now that we had discussed his rights,  he still wanted to plead guilty.  He answered that he did and stated again that no one was forcing or making him enter the plea.  I then asked: "Do you believe you are guilty of the crime you're pleading guilty to?" He answered "Yes, I do."  He then formally entered his guilty plea.  (Plea transcript p 20-21).

As discussed above, the presentence report concluded that the sentencing guidelines range was six to twelve months.  Roman's attorney filed an objected to the calculation of his criminal history, and Roman himself filed *pro se* objections, which I considered.  I overruled counsel's objection, and asked Roman if the other objections he had made had been resolved or if there were any others he wanted to raise.  He indicated that there were not.

Witherspoon then made a statement on Roman's behalf, and requested a sentence of time served, because Roman had already served seven months, which was more than the six-month bottom of the guidelines range.  Roman has a very serious criminal history, with two convictions involving violent crimes and firearms, including one incident where a person was killed.  Witherspoon argued that Roman had made considerable progress from his youth, and that his present criminal conduct was of a different character from Roman's prior offenses.

Witherspoon described Roman as a dedicated and valued family member, and asserted that Roman understood the seriousness of his criminal conduct, and accepted responsibility for it.  After counsel requested a sentence of time served, Roman was given the opportunity to speak.  He did not disagree with his counsel but instead apologized "to Sunnen Products Company, to my family, and to this Court."  (Sentencing transcript at p. 15).  The government asked for a sentence of twelve months, which was the top of the guidelines range, pointing out that Roman had left the country and made no effort to pay or communicate with the victim.  I sentenced Roman to eleven months imprisonment, three years of supervised release, and ordered him to pay restitution to Sunnen Products in the amount of $63,117.84.

## II.    Grounds for Relief

Roman brings this motion for relief under 18 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.  Specifically, Roman alleges that Witherspoon failed to argue for a sentence below the Sentencing Guidelines range, and failed to adequately present mitigating factors to the Court at sentencing.  The "mitigation" evidence that Roman apparently wanted Witherspoon to present was that he was not really responsible for the crime, because an associate in Venezuela had talked him into it and was more culpable.  In the original § 2255 motion he argued that he

should have been treated as a minor participant under the Guidelines, but in his later-filed brief he claims that he is innocent of the crime.

## III.   Discussion

I will not hold an evidentiary hearing because the motion, files, and records of the case conclusively show that Roman is not entitled to relief. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). An evidentiary hearing need not be held if Roman's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).

The Sixth Amendment establishes the right of the accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Roman must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id*. Second, Roman "must show that the deficient performance prejudiced the

defense." *Id*. at 687.  This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).  Here, Roman has failed to show either element of the claim.

Roman cannot show that he was prejudiced by Witherspoon's performance. Witherspoon asked for a sentence of time served because the bottom of the guidelines range was lower than the time Roman had already served.  Asking for a sentence below the guidelines would not have achieved any lower sentence, because time served was the lowest sentence that was available.  I gave Roman eleven months in prison because I was concerned with his serious criminal history and with his leaving the country after committing the crime.  I would not have given a lower sentence even if Witherspoon had asked for a sentence below the six-month bottom of the guidelines range.

I would also not have given Roman a lower sentence had Witherspoon presented the claims Roman now makes that he was not really responsible for the crime, and that his associate in Venezuela was the real criminal.  Indeed, had Witherspoon made that argument, I might have given Roman a higher sentence, either by giving him the twelve months sought by the government that was the top of the guidelines range or by taking away the levels he received off for acceptance of responsibility.  Witherspoon was wise not to make this argument, and Roman was not prejudiced by the failure to make it.

In any event, Witherspoon's performance was not deficient.  In negotiations with the government, Witherspoon achieved the government's agreement to dismiss one count and to only count the value of the second machinery for guidelines calculations purposes.  Witherspoon's later strategy to argue for time served rather than a lower guideline range was reasonable.  And, as stated above, Witherspoon's downplaying Roman's responsibility would have been futile or counterproductive.  Additionally, Witherspoon argued in earnest on behalf of Roman, emphasizing his value to society and to his family.  Witherspoon's performance did not fall below the standards expected of counsel under the Sixth Amendment.

*Certificate of Appealability*

As Roman has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability.  *See Cox. v. Norris*, 133 F.3d 565, 569 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Thomas A. Roman to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Roman has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2011.